OPINION OF THE COURT — by the
Hon. J. R. NICHOLSON.
In this case the defendant pleaded payment, and gave notice that he should offer in evidence, on the trial, a parol contract for the sale of land, part executed, by delivery of possession, and, on the trial, he produced witness to prove the contract, as stated in the notice, which was objected to by the plaintiff’s counsel; but the court overruled the objection, and permitted the evidence to be given to the jury, who, by their verdict, reduced the plaintiff’s claim, the amount agreed to be paid for the land.— The only question which we deem it necessary to decide, on the present occasion is, whether a parol contract for the sale of land, part executed, can be enforced in a court of law? And on this point, there is a considerable dearth of authority.
A court of chancery having been almost uniformly selected as the forum before which this class of controversies should be decided; and that tribunal having ample power to grant relief, is certainly the least exceptionable ; as, before it, each party can urge many reasons which, in a court of law cannot be inquired into; such as defect of title, circumvention, combination &c.
There is authority, however, which is of so high repute, that we feel fully justiged in following it, in refusing to courts of law the right to inquire into and enforce a parol contract for the sale of land, performed in part by delivery of possession or otherwise, — I mean the decision of chancellor Rent, as delivered in 2 Johnson’s Reports, 223. He disapproves of the opinion of judge Buller, who delivered a different opinion, and concludes by asserting that, that was the only decision of the kind he had found. I am always unwilling to turn a litigant from court, by directing him to *516 pursue his remedy before a different tribunal, more particularly where there is apparent justice in his demands; but it is of more importxnce tha. the jurisdiction and course of proceedings of the judicial tribunals should be well defined, and uniformly acted on than that individuals should be pu' to temporary inconvenience by being referred from our tribunal to anothei to seek his rights.
This case differs from the case of J.E. Davis vs. Cornelius Haring in every respect. That case was decided to be a contract in full compliance with the requisitions of the statute of frauds. Davis had given a bond for a title to the land sold, which, under the statute, clearly bound him, and there is no such thing known to the law as a contract wfeieh-feiads only one of the parties.
New trial granted.
Concurred in by Judges Nicholson and Smith.